UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| IN RE: OGGUSA, INC., | ) | Bankr. Case No. 20-50133-GRS |
| Debtor. | ) | |

| | | |
|---|---|---|
| GENCANNA ACQUISITION CORP., | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-171-DCR |
| V. | ) | Adv. Pro. No. 23-05036-GRS |
| 101 ENTERPRISES, LLC, et al., | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

*** *** *** ***

Defendants 101 Enterprises, LLC, William Hilliard, Kevin Murray, and Gregory Martini have filed a motion to withdraw the reference of this adversary action to the bankruptcy court. While the defendants' demand for a jury trial weighs in favor of granting the motion, it is premature, as the adversary action is in its infancy. And because the remaining considerations weigh in favor of maintaining the reference to bankruptcy court at this stage of the proceedings, the defendants' motion will be denied.

I.

OGGUSA, Inc. ("OGG") and 101 Enterprises, LLC ("101") formed 4274 Colby, LLC ("4274 Colby") on April 22, 2015.[1] The Operating Agreement provides that OGG and 101 each owned fifty percent of the membership interests in 4274 Colby. It also provided that William Hilliard and Steven Bevan were the two managers of 4274 Colby. Bevan was OGG's President at the time of 4274 Colby's formation.

On January 24, 2020, OGG's debtors filed an involuntary petition for chapter 11 bankruptcy relief in the bankruptcy court for the Eastern District of Kentucky. [Lexington Bankruptcy No. 20-5013] OGG filed a "bid procedures motion" in February 2020, under which it sought to establish procedures for the sale of substantially all of its assets. This included sale of its membership assets in 4247 Colby and assignment of the Operating Agreement. *Id.* at Record No. 136. OGG filed its Schedules of Assets and Liabilities in March 2020, disclosing its ownership of fifty percent of the membership interests in 4247 Colby, LLC, as well as the Operating Agreement, which it described as an executory contract.

The bankruptcy court entered a bid procedures order on March 6, 2020, approving a process for the sale of OGG's assets, including a sale of the 50 percent membership interest in 4247 Colby and assignment of the Operating Agreement pursuant to 11 U.S.C. § 365. *Id.* at Record No. 304. The following month, OGG filed a notice regarding the status of bids, identifying GenCanna Acquisition Corp. ("GenCanna") as the successful bidder for the debtor's assets. *Id.* at Record No. 682. On May 6 and 7, 2020, the bankruptcy court held a hearing to consider approval of the sale of OGG's assets to GenCanna, including fifty percent

---

[1] OGGUSA, Inc. is also known as "OGG," "GenCanna," and "GenCanna Global USA Incorporated."

membership interests in 4274 Colby and the assignment of the Operating Agreement. It entered an Order on May 19, 2020, approving the sale over 101 and 4274 Colby's previously-filed objections. [Record No. 850] GenCanna's CEO, Andrew Barnett, replaced Bevan as co-manager of 4274 Colby on December 4, 2020.

GenCanna alleges that, in August 2021, Hilliard entered into a Lease Agreement with AVF CBD, LLC ("AVF") for property 4274 Colby owns in Winchester, Kentucky ("the Colby property"). According to GenCanna, Hilliard executed the Lease unilaterally on behalf of 4274 Colby and provided "notice only" to Barnett. Defendants Martini and Murray are the principals and equity owners of AVF. GenCanna alleges that Martini and Murray also have an ownership interest in 101. Although AVF failed to make payments under the terms of the Lease, Hilliard, Murray, Martini, and 101 did not take any action to collect on past due amounts AVF owes to 4274 Colby.

In September 2022, 4274 Colby began marketing the Colby property for sale. A willing buyer (the "Willing Buyer") submitted an offer to purchase the Colby Property (the "Willing Buyer Offer"). GenCanna alleges that this is the only formal offer to purchase all of the Colby property that 4274 Colby has received. On September 22, 2022, the Willing Buyer tendered a commercial real estate purchase agreement for the Colby Property in support of the Willing Buyer Offer. Shortly thereafter, the Willing Buyer provided evidence of guaranteed financing to be able to close on the purchase of the Colby Property and fulfill the obligations under the purchase agreement. The Operating Agreement provides that at least seventy-five percent of the members of 4274 Colby must agree to accept an offer.

Shortly after the Willing Buyer Offer was made, Martini and Murray tendered a competing offer (the "Murray/Martini Offer") to 4274 Colby for the purchase of the Colby

Property. Martini and Murray did not offer any evidence of guaranteed financing or otherwise having some confirmation of their ability to close on the Murray/Martini Offer. Hilliard subsequently refused to attend a meeting to discuss the Willing Buyer Offer or to convene a meeting to vote on whether to accept the Willing Buyer Offer, despite that offer having been tendered and guaranteed since late September 2022.

Hilliard emailed Barnett on October 10, 2022, stating that, as of that date, he had resigned as a manager of 4274 Colby. Three days later, Martini emailed Barnett and others purported Resolutions of the Members of 4274 Colby, LLC (the "Purported Resolutions"). The Purported Resolutions (which were signed only by Martini and Murray) asserted that 101 was the only member of 4274 Colby and that Martini and Murray were its only managers. After receipt of the Purported Resolutions, 101 and GenCanna attempted to negotiate a resolution regarding the disposition of the Colby Property, but were unable to reach an agreement.

GenCanna filed an adversary proceeding against 101, Hilliard, Murray, and Martini on March 29, 2023. [Lexington Bankruptcy No. 23-05036] GenCanna seeks entry of a declaration that it became a member of 4274 Colby by purchasing OGG's 50 percent membership interests in 4274 Colby. It also alleges breach of fiduciary duty claims against Hilliard, Murray, Martini, and 101 based on their alleged conduct with respect to the Colby property. GenCanna consents to entry of final orders or judgment by the bankruptcy court, while the defendants demand a jury trial and do not consent to final determinations by that court.

## II.

District courts have original and exclusive jurisdiction over "all cases under title 11." 28 U.S.C. § 1334(a); *see also In re HNCR Dissolution Co.*, 761 F. App'x 553, 559 (6th Cir. 2019) (citing *Robinson v. Mich. Consol. Gas Co., Inc.*, 918 F.2d 579, 583 (6th Cir. 1990) (observing a case "under title 11" refers to "the bankruptcy petition itself"). Additionally, they have original, but not exclusive, jurisdiction over all civil proceedings, "arising under title 11" or "arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Due to the specialized nature of bankruptcy proceedings, this Court automatically refers bankruptcy cases to the bankruptcy court for this district. *See* 28 U.S.C. § 157(a); L.R. 83.12(a). District courts, however, have discretion to withdraw "in whole or in part, any case or proceeding" referred to the bankruptcy court "for cause shown." *See* 28 U.S.C. § 157(d); *Sergent v. McKinstry*, 472 B.R. 387, 404-05 (E.D. Ky. 2012).

Withdrawal of the reference is the exception to the general rule that bankruptcy matters should be adjudicated in the bankruptcy court. *In re Appalachian Fuels, LLC*, 472 B.R. 731, 748 (E.D. Ky. 2012); *see also In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990) (noting that withdrawal of the reference is inappropriate absent "truly exceptional and compelling circumstances"). "Cause" to withdraw claims from bankruptcy court is not defined by statute, but courts have articulated several factors to examine in determining whether withdrawal is appropriate. *See In re MERV Props., LLC*, 2014 WL 201614 (E.D. Ky. 2012). These factors include: whether the matter is core or non-core; whether the right to a jury trial exists; promoting judicial economy; promoting uniformity in bankruptcy administration; reducing forum shopping; conserving the creditor's and debtor's resources; expediting the bankruptcy process; and timeliness. *See In re Black Diamond Min. Co., LLC*, 2014 WL

549202, at *1 (E.D. Ky. Feb. 11, 2014); *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 754-55 (W.D. Ky. 1995).

"A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992); 28 U.S.C. § 157(b)(2) (providing non-exhaustive list of core proceedings). In this case, the defendants appear to concede that GenCanna's claim for declaratory relief is core, but argue that the breach-of-fiduciary duty claims are non-core and are the predominant claims in the adversary proceeding.

Bankruptcy courts lack authority to enter final orders with respect to related non-core claims. Instead, those courts must submit proposed findings of fact and conclusions of law to the district courts. 28 U.S.C. § 157(c)(1). Accordingly, the defendants contend that this factor weights in favor of withdrawing the reference. Although GenCanna does not appear to seriously dispute that its breach-of fiduciary-duty claims are non-core, there is no indication that the bankruptcy court has reached such a determination. *See Harker v. Webb*, 2021 WL 4125437, at *2 (S.D. Ohio Sept. 9, 2021) (citing § 157(b)(3) (observing that the bankruptcy court must decide whether a proceeding is core or non-core); *In re Black Diamond Min. Co., LLC*, 2010 WL 5173271, at *2 (E.D. Ky. Dec. 14, 2010) (same); *In re Angelucci*, 2009 WL 798805, at *4 (E.D. Ky. Mar. 23. 2009).

Assuming *arguendo* that GenCanna's breach-of-fiduciary duty claims are non-core, the Court disagrees with the defendants' characterization of those claims as predominating the adversary proceeding. GenCanna seeks a declaratory judgment clarifying the nature of the interest it purchased in 4274 Colby pursuant to the bankruptcy court's order dated May 19, 2020. GenCanna maintains that it purchased a membership interest which would give it fifty

percent control over the company, while the defendants contend it merely obtained an economic interest. Presumably, the defendants will argue that they did not owe GenCanna fiduciary duties because it was not a "member" of 4247 Colby. The bankruptcy court is familiar with the relevant facts, including OGG's purported interest in 4247 Colby, GenCanna's bid, the defendants' objections, and the bankruptcy court's own order approving the sale. Accordingly, various interests weigh against withdrawing the reference, including discouraging forum shopping, judicial economy, and conservation of the parties' resources.

This undersigned is cognizant of the bankruptcy court's inability to enter final orders on non-core matters, as well as the defendants' demand for a jury trial before the district court. The defendants' right to a jury trial weighs in favor of granting the motion for withdrawal. But withdrawal of the reference based on this reason alone "would prevent any non-core matter from ever being referred to the bankruptcy court." *In re Black Diamond*, 2010 WL 5173271, at *2. Courts have recognized the merit in delaying withdrawal until closer to trial to avoid unnecessary and premature action in cases unlikely to reach trial. *In re Rivas*, 2009 WL 2929424, at *3 (E.D. Tenn. Sept. 8, 2009). The litigation of this adversary proceeding is still in its very early stages. Due to preexisting involvement and familiarity with the background issues, the bankruptcy court is in the best position to manage pretrial issues and issue proposed findings of fact and conclusions of law, if applicable.

Accordingly, it is hereby

**ORDERED** that the defendants' motion to withdraw the reference [Record No. 1] is **DENIED**, without prejudice. This matter is **DISMISSED** and **STRICKEN** from the docket.

- 8 -

Dated: June 21, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky